IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES C. HUNTER,**

    Plaintiff,

v.                                                                                                                       Civil Action No. **3:18CV153**

**DIRECTOR RAUF,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Charles C. Hunter, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The action proceeds on Hunter's Particularized Complaint ("Complaint," ECF No. 18).[1] Hunter names as defendants: Director Rauf, Supervisor Malike, and Supervisor Osafo. The matter is before the Court on the Motion to Dismiss filed by Defendant Rauf. For the reasons set forth below, Rauf's Motion to Dismiss (ECF No. 94) will be DENIED.

### I. Procedural History

Previously Defendants Malike and Osafo filed a motion to dismiss ("First Motion to Dismiss").[2] By Memorandum Opinion and Order entered on August 27, 2019, the Court granted the motion in part and denied the motion in part. *Hunter v. Rauf*, No. 3:18cv153, 2019 WL 4040624, at *8 (E.D. Va. Aug. 27, 2019), *appeal dismissed*, No. 19-7719, 2020 WL 2530201 (4th Cir. Mar. 10, 2020). The Court interpreted Hunter to raise only the following claim that pertained to Defendant Rauf: "Claim One: Director Rauf, Supervisor Malike, and Supervisor Osafo violated

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Hunter's submissions.

[2] Defendant Director Rauf had not filed an appearance at the time the First Motion to Dismiss was filed.

Hunter's Eighth Amendment rights when 'they took no actions in getting [Hunter's] meds," despite knowing that he had not received his blood thinner medication.'" *Id.* at *4 (footnote omitted) (alteration in original) (quoting Compl. 1)).

The Court denied the First Motion to Dismiss with respect to Claim One and noted:

> Here, the Complaint indicates that Hunter requires daily medication for his "(DVT)³ blood clot in [his] left leg," and that "the blood clot [could] break off." (ECF No. 18-3, at 1.) Supervisor Maliko and Supervisor Osafo argue that Hunter fails to allege facts suggesting that he suffered an injury from this six-day period during which he did not receive his medication. (Mem. Supp. Mot. Dismiss 6–7.) Although Hunter's allegations lack precision, at this stage, Hunter has pled sufficient facts to plausibly suggest that his condition warranted daily medication, and that his failure to receive such medication was "sufficiently serious." (Compl. 1); . . . *see also Johnson v. Coleman*, 506 F. App'x 125, 126–28 (3d Cir. 2012) (discussing that the plaintiff, who had deep vein thrombosis, had "alleged a serious medical condition").
> Further, although Hunter's allegations regarding the actions of each Defendant are vague, considered in the light most favorable to Hunter, the Complaint alleges sufficient facts to plausibly suggest that, despite knowing that Hunter's condition required daily blood thinner medication and that Hunter had not received such medication for a six-day period, Defendants failed to provide Hunter with his required medication. (Compl. 1.) Accordingly, Hunter's allegations plausibly suggest that "the defendant officials knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Vance v. Peters*, 97 F.3d 987, 994 (7th Cir. 1996) (citation omitted). At this stage, such allegations are sufficient to indicate that Defendants acted with deliberate indifference. *See id.*; (see also Compl. 1.)

*Id.* at *5–6 (alterations in original) (footnote number altered).

Thereafter, Defendants Rauf and Osafo moved for summary judgment. By Memorandum Opinion and Order entered on June 22, 2020, the Court granted their Motion for Summary Judgment and dismissed the remaining claims against them. (ECF Nos. 97, 98.) On June 4, 2020, Defendant Rauf filed a Motion to Dismiss. (ECF No. 94.)

---

³ "Deep vein thrombosis, or DVT, is a blood clot that forms in a vein deep in the body." Deep Vein Thrombosis, https://medlineplus.gov/deepveinthrombosis.html (last visited Aug. 12, 2019).

2

## II. Analysis

With respect to Claim One, Hunter's allegations against Defendant Rauf are the same as his allegations against Defendants Malike and Osafo. Defendant Rauf's arguments for dismissal are the same as those previously rejected by the Court. For the reasons previously articulated, Hunter has adequately alleged that Defendant Rauf acted with deliberate indifference to Hunter's serious medical need. *Hunter v. Rauf*, 2019 WL 4040624, at \*6. Accordingly, Rauf's Motion to Dismiss (ECF No. 94) will be DENIED.

Any party wishing to file a motion for summary judgment must do so within thirty (30) days of the date of entry hereof. Michael D. Arena's Motion to Withdraw as counsel for Defendants Malike and Osafo (ECF No. 88) will be GRANTED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2⁰ October 2020
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

3